JS6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JAY WILLIAMS, etc., et al., | ) | SA CV 08-807 AHS (ANx) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER DISMISSING ACTION |
| | ) | WITHOUT PREJUDICE |
| AZOOGLEADS.COM, INC., etc., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.**

**PROCEDURAL AND FACTUAL HISTORY**

On July 21, 2008, plaintiffs filed a Complaint for declaratory and injunctive relief.  Plaintiffs seek a judicial determination that "forcing" them to participate in arbitration proceedings before the American Arbitration Association ("AAA") in New York, a state with which they have no contact, violates their rights under the Due Process Clause of the Fourteenth Amendment.  (See Complaint ("Compl.") ¶ 36).  In addition, plaintiffs seek a declaration that the AAA lacks authority to determine whether plaintiffs are bound by the arbitration

agreement and whether plaintiffs serve as "alter egos" to the corporations party to the arbitration at issue. (Id.).

On August 14, 2008, plaintiffs filed "Application for Preliminary Injunction Against Defendants Enjoining Defendants from Proceeding with Arbitration Against Plaintiffs as Non-Parties to the Arbitration Agreement" ("application for preliminary injunction"). The matter is set for hearing on the Court's September 8, 2008 calendar. By this Order, the Court orders the action dismissed without prejudice.

## II.

### DISCUSSION

The Court is obligated to consider *sua sponte* whether it has subject matter jurisdiction and to dismiss the action if jurisdiction is lacking. See Fed. R. Civ. P. 12(h)(3); see also Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004). The Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. See Ingraham v. Wright, 430 U.S. 651, 672, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977). However, plaintiffs fail to allege state action in their Complaint; they seek relief for constitutional violations allegedly committed by entities the Complaint acknowledges are private parties. (Compl. ¶¶ 10, 11). Accordingly, the Court lacks subject matter jurisdiction over the instant action.

Plaintiffs' additional request for declaratory relief as to the non-constitutional, arbitrability questions should not be entertained by the Court. It is well established that the Court has discretion in deciding whether to entertain a claim for

declaratory relief.  See Declaratory Judgment Act, 28 U.S.C. § 2201(a); Wilton v. Seven Falls Co., 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175, 86 L. Ed. 1620 (1942).  "Brillhart makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction."  Wilton, 515 U.S. at 282.  A district court may exercise this discretion even when no parties to the action have raised an objection to the exercise of jurisdiction.  See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1227 (9th Cir. 1998) (*en banc*).

In considering whether to exercise jurisdiction, the Court will "balance concerns of judicial administration, comity, and fairness to litigants."  Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991).  The Court will consider, among other factors, whether the declaratory action will settle all aspects of the controversy, whether the declaratory action will serve a useful purpose in clarifying the legal relations in issue, whether the declaratory action is being sought to obtain a *res judicata* advantage, whether the declaratory action promotes forum shopping, and whether the use of a declaratory action will result in duplicative litigation.  Wilton, 515 U.S. at 282-83; Dizol, 133 F.3d at 1225.  In addition, the Court considers whether a request for monetary relief is independent of the request for declaratory relief.  See United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1112-14 (9th Cir. 2001).

In the instant case, the Court's lack of jurisdiction

3

1  is clear.  A request for declaratory relief does not provide an
2  independent basis for federal jurisdiction.  <u>Skelly Oil v.</u>
3  <u>Phillips Petroleum Co.</u>, 339 U.S. 667, 671-72, 70 S. Ct. 876, 94
4  L.Ed. 1194 (1950); <u>Howard v. America Online Inc.</u>, 208 F.3d 741,
5  754 (9th Cir. 2000).  Rather, an independent source of federal
6  jurisdiction external to the Declaratory Judgment Act is
7  necessary.  <u>Skelly Oil</u>, 339 U.S. at 671.  Plaintiffs seek
8  declaratory relief pertaining to the interpretation and
9  application of an arbitration provision.  Arbitration is a
10 "matter of contract."  <u>Carpenters 46 Northern Ca. Counties Conf.</u>
11 <u>Bd. v. Zcon Builders</u>, 96 F.3d 410, 414 (9th Cir. 1996) (internal
12 quotations omitted).  Having concluded that plaintiffs fail to
13 properly invoke the Fourteenth Amendment as a basis for
14 jurisdiction, the instant action lacks a federal question and no
15 diversity jurisdiction appears.  As such, the Court lacks
16 authority to issue declaratory relief and the Court would, in any
17 event, decline to exercise jurisdiction.

**III.**

**CONCLUSION**

20         For the foregoing reasons, this action is dismissed
21 without prejudice, and the September 8, 2008 hearing on
22 plaintiff's application for preliminary injunction is vacated.
23         IT IS SO ORDERED.
24         IT IS FURTHER ORDERED that the Clerk shall serve a copy
25 of this Order on all parties in this action.
26         DATED:  September 4, 2008.

*ALICEMARIE H. STOTLER*
ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE